**Rule 1.6  Confidentiality of Information**

\*\*\*

(c)      A lawyer may reveal such information to the extent that the lawyer reasonably believes necessary:

\*\*\*

(3)      to prevent, mitigate or rectify the consequences of a client's criminal or fraudulent act in the commission of which the lawyer's services are being or had been used; **[or]**

(4)      to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim or disciplinary proceeding against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; **[or]**

(5)      to secure legal advice about the lawyer's compliance with these Rules; **[or]**

(6)      to effectuate the sale of a law practice consistent with Rule 1.17; **[or]**

(7)      to detect and resolve conflicts of interest from the lawyer's change of employment or from changes in the composition or ownership of a firm, but only if the revealed information would not compromise the attorney-client privilege or otherwise prejudice the client**[.]; or**

**(8)      to comply with other law or court order.**

\*\*\*

**Comment:**

\*\*\*

[18]    Other law may require that a lawyer disclose information about a client.  Whether such a law supersedes Rule 1.6 is a question of law beyond the scope of these Rules. When disclosure of information relating to the representation appears to be required by other law, the lawyer must discuss the matter with the client to the extent required by Rule 1.4. **If, however, the other law supersedes this Rule and requires disclosure, paragraph (c)(8) permits the lawyer to make such disclosures as are necessary to comply with the law.**

\*\*\*

[21]    A lawyer may be ordered to reveal information relating to the representation of a client by a court or by another tribunal or governmental entity claiming authority pursuant to other law to compel the disclosure.  Absent informed consent of the client to do otherwise, the lawyer should assert on behalf of the client all nonfrivolous claims that the order is not authorized by other law or that the information sought is protected against disclosure by the attorney-client privilege or other applicable law.  In the event of an adverse ruling, the lawyer must consult with the client about the possibility of appeal to the extent required by Rule 1.4.  **Unless review is sought, paragraph (c)(8) permits the lawyer to comply with the court's order.**

\*\*\*

[23]    Paragraph (c) permits but does not require the disclosure of information relating to a client's representation to accomplish the purposes specified in paragraphs (c)(1) through (c)**[(7)](8).**  In exercising the discretion conferred by this Rule, the lawyer may consider such factors as the nature of the lawyer's relationship with the client and with those who might be injured by the client, the lawyer's own involvement in the transaction and factors that may extenuate the conduct in question.  A lawyer's decision not to disclose as permitted by paragraph (c) does not violate this Rule.  Disclosure may be required, however, by other Rules.  Some Rules require disclosure only if such disclosure would be permitted by paragraph (c).  See Rules 1.2(d), 4.1(b), 8.1 and 8.3.  Rule 3.3, on the other hand, requires disclosure in some circumstances regardless of whether such disclosure is permitted by this Rule.  See Rule 3.3(c).